**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 13 |
|     Terri Matthews, | : | |
|                   Debtor. | : | Bankruptcy No. 10-16869-MDC |

# **MEMORANDUM**

This Memorandum is consistent with the Court's December 22, 2011 Order [Docket No. 49] (the "Order"), granting the return of certain Unclaimed Funds (defined below) to Terri Matthews (the "Debtor") and is submitted pursuant to Local Rule 8001-1(b)[1] to further expound upon the reasons for the Order.

## I.    BACKGROUND

The Debtor initiated this bankruptcy proceeding by filing a voluntary petition requesting chapter 13 relief dated August 16, 2010. At the time of the filing, the Debtor was represented by Alan B. Kane, Esquire ("Kane"). The Debtor failed to make plan payments and her bankruptcy case was dismissed by this Court's Order dated April 14, 2011 (the "Dismissal Order"). The Dismissal Order did not include any provisions providing that the Court retain jurisdiction of any pending matters.

As a result, the Chapter 13 Trustee ("Trustee") issued a check to the Debtor in the amount of $1,247.40 (the "Unclaimed Funds"). This amount represented the amount of plan payments in the Trustee's possession at the time the Dismissal Order was entered. The Trustee mailed the check to Debtor's counsel, Mr. Kane. Subsequently, the Debtor made demand upon Mr. Kane for delivery of the check to her. Kane ignored the request and the check remained uncashed. Thereafter, the Trustee issued a check dated November 7, 2011, and deposited the Unclaimed Funds with the Clerk of this Court.

On November 30, 2011, the Debtor filed the Motion for Payment of Unclaimed Funds (the "Motion") requesting that this Court direct the Clerk of the Bankruptcy Clerk to pay the Unclaimed Funds

---

[1] Local Rule 8001-1(b) provides: Opinion in Support of Order. The bankruptcy judge whose order is the subject of an appeal may, within 14 days of the filing of the notice of appeal, file a written opinion in support of the order or a written supplemental opinion that amplifies any earlier written opinion or recorded oral bench ruling or opinion. L.B.R. 8001-1(b)(2008).

to the Debtor. On December 20, 2011, Mr. Kane filed an Objection to the Motion (the "Objection"). Mr. Kane opposed the Motion on several grounds including that (1) the Unclaimed Funds constitute part of the Debtor's estate in her now pending bankruptcy case filed on July 8, 2011, Bky. No. 11-15389) (the "Subsequent Proceeding"), and (2) the Debtor failed to pay the legal fees due in her original bankruptcy proceeding and in the interest of justice the funds should be made available to Debtor's creditors.

A hearing on the Motion was held on December 22, 2011 (the "Hearing"). The Debtor, Mr. Kane and the Trustee's counsel appeared at the Hearing. In further support of his Objection, Mr. Kane argued that this Court retained jurisdiction over the Unclaimed Funds because it included administrative expenses to which he was entitled. Mr. Kane referenced several cases in various jurisdictions and an opinion issued by my colleague Judge Eric L. Frank.[2] However, Mr. Kane did not provide the Court with any of the citations for these cases.

I.  **DISCUSSION**

A.  **Kane Failed to Identify Any Legal Basis for Denial of the Motion**

Upon entry of the Dismissal Order, any funds held by the Chapter 13 Trustee became property of the Debtor. *In re Parker*, 400 B.R. 55, 61 (Bankr. E.D. Pa. 2009). In the Objection, Kane failed to identify any authority for this Court to retain jurisdiction over the Unclaimed Funds or otherwise divest the Debtor of her ownership of the Unclaimed Funds. While Kane made references to several cases regarding the Court's alleged jurisdiction of this Court following dismissal of the Debtor's bankruptcy case, he failed to provide any citation or information upon which the Court could even decipher. *See, e.g., Miller v. Cadmus Communications*, Civ. No. 09-02869, 2010 WL 762312 (E.D. Pa. Mar. 1, 2010) ("Fully developed legal argument, citation to legal authority, and discussion of the relevant facts aid this Court in performing its duty, and ultimately in serving the ends of justice. Any brief ... that is lacking even a modicum of these elements is woefully insufficient and inexcusable."). Notwithstanding Mr. Kane's failure to provide the Court with the legal authority to deny the Motion, the Court addressed

---

[2] This Court presumes that Kane meant to refer to Judge Frank's decision, *In re Lewis*, 346 B.R. 89 (Bankr. E.D. Pa. 2006).

whether it retained jurisdiction over the Unclaimed Funds upon dismissal of the Debtor's original bankruptcy case.

### B. Kane Failed to Establish That the Court Retained Jurisdiction Over the Unclaimed Funds

As a general rule, a bankruptcy court lacks jurisdiction over proceedings related to a debtor's bankruptcy after the dismissal of a debtor's petition. *In re Smith*, 866 F.2d 576, 580 (3d Cir. 1989); *In re Lewis*, 346 B.R. 89, 101 (Bankr. E.D. Pa. 2006). As with most rules, exceptions exist. Upon dismissal, § 349(b)(3) provides that ownership of estate property shall be vested in the entity that held the property immediately prior to the commencement of the case. 11 U.S.C. § 349(b)(3); *In re Lewis*, 346 B.R. 89, 104 (Bankr. E.D. Pa. 2006). The automatic vesting occurs automatically unless, consistent with § 349(b), a bankruptcy court "for cause, orders otherwise." 11 US.C. § 349(b). By ordering otherwise, a bankruptcy court may therefore retain jurisdiction over the administration of a debtor's estate subsequent to the dismissal of a debtor's petition. *Id.* at 101. Therefore, the lynchpin of whether a court retains jurisdiction pursuant to the § 349(b) exception is whether a bankruptcy court issued an order prior to or concurrent with dismissal providing for it to retain jurisdiction over the administration of a debtor's estate.

Here, no such order was issued. As such, the Court finds Judge Frank's decision and analysis in *Lewis* instructive in this matter. In *Lewis*, Judge Frank found that a Court retains jurisdiction over a debtor's estate to address a pending fee application only if the dismissal provides for an exception to § 349(b)(3). There, the debtor's counsel filed a request for payment of fees prior to the entry of the dismissal order. The application was initially denied by the court contemporaneous with the entry of the dismissal order. *In re Lewis*, 346 B.R. 89, 103 (Bankr. E.D. Pa. 2006). After dismissal of its application, the party filed a timely appeal of the order denying its application. For whatever reason, the party did not also appeal the entry of the order dismissing the bankruptcy case. *Id.* Addressing the effect of the appeal of the order denying the party's application, Judge Frank concluded that "the appeal of the bankruptcy court's order denying [the party's] request for a pre-confirmation distribution was adequate to preserve

[the party's] asserted rights under § 349(b)(3)." *Id*.

Like the debtor's counsel in *Lewis*, Kane filed his Application for Compensation dated March 22, 2011 [Docket No. 36] (the "Kane Application"), prior to dismissal of the Debtor's bankruptcy case. However, unlike *Lewis*, this Court made no ruling on the Kane Application prior to entry of the Dismissal Order. Further, unlike the party in *Lewis*, Kane took no action either prior or subsequent to the entry of the Dismissal Order to preserve any purported right under § 349(b)(3). For this reason, this Court distinguishes the instant case from *Lewis* and finds that Kane's inaction failed to preserve his rights, if any, under § 349(b)(3).

The interests of finality dictate this result. *See Lewis*, 346 B.R. at 103 (questioning whether the finality of the dismissal order precludes further consideration of counsel's request under § 349(b)(3)). The Dismissal Order was entered on April 14, 2011. Because no appeal was taken, the Dismissal Order became final within 10 days of the date of the entry of the Dismissal Order. Fed. R. Bankr. P. 8001(a). At the time of the Dismissal Order, Kane was the Debtor's counsel of record. As such, he necessarily had notice of the entry of the Dismissal Order and yet he did nothing to protect his purported interests. In addition, Kane received the check for the Unclaimed Funds that was issued by the Trustee to the Debtor. Following receipt, Kane took no action including responding to the Debtor's, his client, request that he forward the check to her. He cannot not come before this Court and expect that based on "the interest of justice," this Court will fashion from thin air a remedy for his prior inaction. *In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) ("The general grant of equitable power contained in §105(a) cannot trump specific provisions of the Bankruptcy Code, and must be exercised within the parameters of the Code itself.").

Dated: January 6, 2012

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Alan B. Kane, Esquire
The Law Office of Alan B. Kane
One Montgomery Plaza, Suite 608
Norristown, PA  19401

William C. Miller, Esquire
Chapter 13 Trustee
111 S. Independence Mall, Suite 583
Philadelphia, PA  19106

United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA  19107

Terri Matthews
260 E. Durard Street
Philadelphia, PA  19119

Courtroom Deputy
Eileen Godfrey